CUDDY-GARDNER COMPANY *et al. vs.* UNEMPLOYMENT COMPENSATION BOARD OF RHODE ISLAND.

MARCH 5, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

CAPOTOSTO, J. This is an appeal from a decree of the superior court dismissing a petition brought by the petitioners in that court to review a decision of the respondent board, which held them liable for contributions under general laws 1938, chapter 284, commonly known as the unemployment compensation act and hereinafter called the act for convenience. The petition was dismissed on the ground that the superior court was without jurisdiction in the matter.

The scheme of the act, both in its original form and as amended by P. L. 1939, chap. 670, hereinafter referred to merely as chap. 670, is to keep separate all matters in reference to contributions, benefits and administration. Section 5 deals with contributions. Subsection (8) thereof

allows an appeal to the superior court by an employer or employee aggrieved by any decision of the board respecting the amount of contributions or claim for a refund, and prescribes the procedure to prosecute such appeal.

Sections 6, 7 and 8 deal with benefits. Section 8, entitled "Settlement of Benefit Claims", is administrative in character and prescribes the procedure that the board and a party in interest must follow in determining the validity or invalidity of a benefit claim. This section permits appeals from the decision of a deputy of the board to an impartial referee appointed by the board, and from the decision of such referee to the board itself. Before the act was amended by chap. 670, subsection (8) of this section read as follows: "Appeal to Courts. Any decision of the board, in the absence of an appeal therefrom as herein provided, shall become final 10 days after the date of notification or mailing thereof, and judicial review thereof shall be permitted only after any party claiming to be aggrieved thereby has exhausted his administrative remedies as provided by this chapter. . . ."

Section 9, entitled "Court Review", provides that any party in interest who desires to take an appeal to the court "in accordance with the provisions of § 8 of this chapter" shall file a petition with the clerk of the superior court within 10 days from the time when the decision of the board becomes final, and then prescribes the procedure thereafter to be followed.

Section 10 sets up the "Unemployment compensation board." Section 11, entitled "Administration", and the following sections, speaking generally, deal with the duties and powers of the board in administering the act. We note here that before the passage of chap. 670 the act was silent as to any express right of appeal to a court by a party in interest aggrieved by any decision of the board other than as mentioned in § § 5, 8 (8), and 9.

The structure of the act was in no way altered by chap. 670. Such changes as were made by that chapter appar-

ently were designed to broaden the scope of the act and to grant wider powers to the board so that the act, as amended, might more fully carry out the policy of the legislature as declared in § 2. The changes pertinent in the instant cause which were made by said chapter are, first, subsection (8) of § 8, above quoted, was expressly repealed; and, secondly, said subsection, but for the insertion of the phrase "as provided for by section 9 of this act" following the words "judicial review thereof" in that subsection, was reenacted in precisely the same language and was added to § 11 as subsection (15) thereof, said § 11, as we have already stated, being entitled "Administration". It is to be noted that chap. 670 did not expressly repeal that part of § 9 which provides: "Any party in interest who desires to take an appeal to the court *in accordance with the provisions of § 8* shall" follow a certain prescribed procedure. (italics ours)

The petitioners' main contention is that they are not an "employer" within the meaning of that word as defined in the act, as amended, and that, therefore, they are not subject to the act. They construe subsection (15) of § 11 as giving a right of appeal to any party aggrieved by any decision of the board. Relying on this construction, they conclude that the superior court was in error in denying and dismissing their petition.

The board contends otherwise and urges that, since the petitioners claim that they are not subject to the act, they are not entitled to avail themselves of any provision for judicial review under the act. The board's position is that such right of review does not attach until one, either by submission or by final determination, acquires a status of an "employer", as defined in the act. According to the board, the petitioners should have sought a judicial review of the board's decision, which found them subject to the act, by *certiorari* rather than by an appeal to the superior court under the act.

After serious consideration of the act, as amended, in the light of these contentions we find that its language as it

now stands is susceptible of more than one reasonable interpretation. It may well be that the legislature, by materially enlarging the powers of the board as to employer-units and by adding subsection (15) to § 11, actually intended to grant a right of appeal to the superior court to any person who was aggrieved by any decision of the board, even though such person denied having a status contemplated by the act, as the petitioners contend. On the other hand, the intention of the legislature in adding such subsection (15) to § 11 may have been to give such right to any person aggrieved by any decision of the board in matters of administration under the act, having in mind that before the act was amended by chap. 670 no express provision was made therein for a judicial review of the board's decision in those matters. Under this interpretation of the act, which the board contends is the proper one, a judicial review is granted and the procedure definitely prescribed in matters relating to contributions by § 5, subsection (8), in matters concerning benefits by § 9, and in matters dealing with questions of administration by § 11, subsection (15).

Whenever the language of a statute is susceptible of more than one reasonable interpretation, such reasonable interpretation will be adopted as will best carry out the evident purpose of the statute. *Easton* v. *Fessenden,* 65 R. I. 259. In determining this question it is permissible to consider the mischief that the statute was designed to remedy, and the policy underlying it. We have clear assistance on this point, as the legislature has plainly and comprehensively pointed out in its "Declaration of Policy", which appears as § 2 of the act, the evil that the act was designed to prevent, namely, "economic insecurity, due to unemployment". The object of the act is "to lighten the burden which now falls on the unemployed worker and his family . . . by providing for the accumulation of a fund to assist in protecting the public against the ill effects of unemployment which may arise in future years." With this explicit declaration of policy before us, we believe that we should adopt an inter-

pretation of the act which will best carry out its express purpose with the least delay and possible harm to "the unemployed worker and his family."

Where an employer claims that he is not subject to the act, an appeal to the superior court and from there to the supreme court, as provided for in § 9 and in subsection (15) of § 11 of the act, would entail certain delay in obtaining a final judicial determination of the basic question. In such a case, delay incident to procedural requirements or arising from other causes would tend unduly to retard enforcement of the act, in the event that the board's decision was correct, to the detriment of the clearly declared policy of the legislature. While the matter was thus pending in the courts, the fund would suffer by failing to receive the contributions that it might otherwise receive, since under the act an appeal would suspend any order for contribution. It is also conceivable that, before there could be a final determination of the employer's status by appeal in the manner above indicated, an employer who claims not to be subject to the act but who, as a matter of law, was under the act, might voluntarily or by force of circumstances give up his business. In that case the fund would stand to lose all contributions that it was legally entitled to receive from him, if his status as an "employer" under the act had been more speedily determined.

In our judgment, it best serves the purpose of the act to determine as speedily as possible whether a person is or is not an "employer" within the meaning of the act. When that fundamental question is once judicially determined, both the board and the contesting party will know how to proceed thereafter without undue delay. We are, therefore, of the opinion that in the circumstances of the instant cause the declared policy of the legislature is best carried out by interpreting the act to mean that it was not the intention of the legislature to grant any right of appeal under the act, as amended, unless an employer, by admission or final determination, had acquired such a status under the act. If this

interpretation is contrary to the true legislative intention, the legislature can make its intention clear by amending the act.

We realize that our interpretation leaves the petitioners without an express right, by appeal under the act, to a judicial review of the board's decision about which they complain. But it does not follow that the board's decision is not subject to such a review by some other remedy.

In view of our conclusion on petitioners' main contention, which is decisive in this cause, it becomes unnecessary for us to consider their further contention that they were entitled to appeal to the superior court under the provisions of subsection (8) § 5 of the act.

The petitioners' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Remington, Thomas & Levy, James J. Corrigan,* for petitioners.

*Michael DeCiantis, Marshall B. Marcus,* for respondent.